## YERMAN et v. BOCCIA

Ohio Appeals, 8th Dist., Cuyahoga Co.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

708. LEASES—677. Judgments and Decrees.

Recovery of judgment for monthly installment of rent, being all that was due at time action was commenced, no bar to recovery for installments subsequently coming due upon lease. (Strangwald v. American Brass Bedstead Co., 82 OS. 121, followed.)

Error to Municipal Court.
Judgment affirmed.

Turney & Sipe, Cleveland, for Yerman.
Joseph Nuccio and S. E. Boim, Cleveland, for Boccia.

FULL TEXT
LEVINE, J.

These cases were considered together. They are in the nature of error proceedings from the decision of the Municipal Court. It appears that the defendant in error recovered two judgments against the plaintiff in error. In the first suit a judgment was recovered against the plaintiff in error for about two months rent. In the second case the defendant in error brought suit for the balance of the rent due for the remainder of the year and recovered a judgment.

As to the judgment entered in favor of the defendant in error for two months rent, a petition for a new trial was filed in the Municipal Court after term, which the court refused to grant, and error proceedings are prosecuted to the decision of the court in so refusing the petition for a new trial.

As to the judgment in favor of defendant in error for the rent due for the remainder of the year, error proceedings are instituted seeking to reverse same.

It appears from the pleadings and the evidence introduced to sustain same, that the defendant in error claimed rentals under an oral lease for one year of a certain storeroom; that the plaintiff in error, without just cause, vacated said storeroom and that despite many efforts to rent the same, defendant in error was not successful in having the same occupied and he thereafter sought to hold plaintiff in error under his lease.

The statement of defense denies that the premises were occupied under an oral lease for one year, and insists that it was only a month to month tenancy; that they paid for all the time they occupied the premises, and that there is nothing due.

It is claimed by plaintiff in error that when the first suit was instituted for two months rent and judgment recovered thereon, that this judgment disposed of the entire controversy between the parties; that the disputes between the parties having been fully adjudicated, the defendant in error is barred from taking any further action for rent for the remaining months of the year.

We can conceive of a situation where this contention would be maintainable. If the first suit were not a suit for rent as appears from the pleadings, but instead were a suit for breach of contract, the adjudication of that law suit would end the controversy between the parties. Such, however, was not the case. The first suit was merely for rent that had fallen due under the lease for a period of two months and a judgment recovered thereon. Such suit is not a bar to a future suit for rent for the remainder of the term.

In the case of Grant v. Ramsey, 7 O. S. 158, a similar question was discussed by the court, and we are satisfied from a reading of said opinion that the first judgment for two months rent is not a bar to a suit for rent for the remainder of the term.

In the case of Strangwald v. The American Brass Bedstead Co., 82 O. S. 121, the fourth syllabus reads as follows:

"A recovery for a monthly instalment of rent, that being all that was due at the time action was commenced, is not a bar to recovery for instalments subsequently coming due upon the lease."

The judgment of the Municipal Court will, therefore, be affirmed.

(Sullivan, PJ. and Vickery, J. concur.)